**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7867

DAVID M. GORDON,

Plaintiff - Appellant,

versus

LANCASTER COUNTY SHERIFF'S DEPARTMENT; SOUTH
CAROLINA DEPARTMENT OF CORRECTIONS; WANDA
OWENS, Investigator; STEVEN MARSHALL,
Investigator; T. CRAIG BAILEY, Captain; W. K.
WEBSTER, Sergeant; LIEUTENANT PARKER,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill. Patrick Michael Duffy, District
Judge. (CA-04-2401)

Submitted: April 27, 2005          Decided: May 17, 2005

Before WILLIAMS and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David M. Gordon, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

South Carolina inmate David Michael Gordon filed this 42 U.S.C. § 1983 (2000) action complaining about the seizure of property and raising a variety of complaints about the conditions of his confinement. On September 14, 2004, a magistrate judge recommended dismissing the action pursuant to 28 U.S.C. § 1915A (2000). Gordon was warned that failure to file specific, written objections to the report within ten days of service would waive appellate review of the portions of the report to which no objections were filed. No objections were filed as of October 6, 2004, and the district court adopted the recommendation and dismissed the action.

On October 8, Gordon's objections were filed in the district court. The objections, which addressed the seizure of property and the exposure of Gordon's genitals to a crowd of people, are not dated. The envelope in which the objections were mailed was stamped as received for mailing at the prison postal center on October 5. Gordon states that he received a copy of the report on September 17 and placed the objections in a prison mailbox for mailing on October 1.

If Gordon received a copy of the report on September 17 and gave his objections to prison officials for mailing on October 1, the objections would be deemed timely filed under the "prison mailbox rule." See 28 U.S.C. § 636(b)(1) (2000) (ten-day period in

- 2 -

which to file objections commences upon service of report and recommendation); Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoner's mail is deemed filed when prisoner delivers it to prison officials for mailing); Fed. R. Civ. P. 6(a) (intermediate Saturdays, Sundays and legal holidays are excluded from time computation when time period is less than eleven days).

We accordingly vacate the district court's decision and remand with instructions that the court make factual determinations as to when Gordon was served with a copy of the report and recommendation and when he delivered his specific written objections to prison officials for mailing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

The motions to compel all parties to undergo polygraph testing and "to order a stay of sentencing or another form of segregation from the life threatening conduct of the Department of Corrections" are denied.

VACATED AND REMANDED